THOMPSON, C.J.
The Department of Health, Children’s Medical Services (CMS), appeals a permanent injunction prohibiting it from obtaining a developmental evaluation of a dependent child. We affirm.
When the custody of the child was about to be transferred to the mother from medical foster care, the mother’s attorney learned that the child’s medical foster mother and CMS had scheduled the evaluation of the child. The mother, the guardian ad litem, and the Department of Children and Families opposed the evaluation. At the hearing on the mother’s petition for the injunction, the evidence established that the child was no longer considered to be at risk medically, and that the child’s pediatrician had never noted a developmental disability. Although two doctors recommended the proposed evaluation as a worthwhile endeavor, neither testified that it was necessary. When one of the doctors was reminded that the pediatrician had noted no developmental abnormalities, and that the evaluation had not been suggested or scheduled until the child’s transfer to the mother was imminent, the doctor responded that many parents would want to know their child’s developmental status, even if it seemed to the parents and to the pediatrician that the child was perfectly fine, given the fact that the child had had some difficulties that could be associated with developmental delay or brain damage.
Contrary to the argument of CMS, the trial court was not required to accept at face value the testimony of the professionals. See Tolley v. Department of Health and Rehabilitative Services, 667 So.2d 480 (Fla. 5th DCA 1996). Furthermore, the fact that the developmental evaluation is not an invasive test, and apparently could do the child no physical harm, had to be weighed against the relatively tepid recommendations for it, the fact that the idea for it was not inspired by the child’s pediatrician, and the real possibility that it could lead to delays, through litigation or otherwise, in the reunification of the child and mother.
AFFIRMED.
GRIFFIN, J., and ORFINGER, M., Senior Judge, concur.